In re CHAS. B'S, INC., d/b/a: Paddlewheel Buffet and Portside Lounge formerly: Chaz B's Steamship Round Buffet, Debtor.

Bankruptcy No. 1–84–02948.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 11, 1985.

Charles Bauer, Janna Bauer, Timothy Mathes, John Parker, pro se.

Stephen S. Holmes, Cincinnati, Ohio, for Chas B's, Inc.

John A. Schuh, Cincinnati, Ohio, for Bank One of Milford.

Mark A. Greenberger, Cincinnati, Ohio, Trustee in Bankruptcy.

### DECISION AND ORDER

BURTON PERLMAN, Bankruptcy Judge.

This is an involuntary bankruptcy case filed pursuant to 11 U.S.C. § 303. At a hearing held December 28, 1984 at 2:00 P.M. debtor challenged the petition which had been filed by Charles Bauer. Debtor's challenge was based on two grounds. First, it is contended that the signatures were forged. Second, debtor contends that the claim of Bauer, to the extent of some $18,000, was for wages during the construction of the restaurant, and there was no agreement to pay him such wages.

Bauer established that while he did sign the three signatures on the petition other than his own, he had telephone authorization from each of the persons whose signature there appeared to affix such signature. We believe that testimony and overrule the first ground of objection to the petition urged by the debtor.

After due consideration, however, we find debtor's second ground meritorious, and consequently dismiss the petition. The debtor, Chas. B's, was a restaurant set up as a corporation. The date of incorporation was April 4, 1983. The restaurant opened February 1984 and closed about July 1984. The origin of the restaurant occurred when Messrs. McClain, Huegel, and Bauer got together and decided to open the restaurant. The site selected was an old Jerry's Restaurant on Beechmont. Bauer's contribution to the enterprise involved construction work in the renovation of the building. (When taken over by the corporation, the building was not in condition for operation.) Bauer also provided certain restaurant equipment which was placed on the restaurant premises. Messrs. McClain and Huegel as their contribution provided their credit to the corporation and wound up with an indebtedness to a bank creditor in excess of $100,000 on which they are personally liable.

Bauer originally projected that the rehabilitation of the premises would take about sixty days. In fact it took about ten months. There was no written agreement among the three participants in the project. Both McClain and Huegel testified that the agreement with Bauer was that he would receive $550.00 per week in compensation after the restaurant opened, for Bauer was to be the manager. They testified that it was not agreed to compensate him prior to the time that the restaurant opened.

We believe the latter testimony and conclude that Bauer was not entitled to be compensated for services rendered prior to the opening of the restaurant. Bauer is therefore a creditor only to the extent of approximately $1,000.00, which is insufficient to comply with the requirement of 11 U.S.C. § 303(b)(1).

Another basis which could suffice to support the amount required at § 303(b)(1) is

the alleged debt owed by the corporation to signatory Janna Bauer. At the hearing no evidence was presented by petitioners that such a loan was validly made to the corporation, and McClain and Huegel denied that such loan to the corporation had been made by Janna Bauer. Janna Bauer was not present.

In view of all of the foregoing, we hold that the requirement of § 303(b)(1) or (2) that there be at least $5,000.00 of claims held by the petitioners, has not been met.

Accordingly, the petition will be dismissed.

The foregoing constitutes our findings of fact and conclusions of law.

SO ORDERED.