**In re Dolores P. GUTFRAN,**
**Alleged Debtor.**

**In re Ronald B. GUTFRAN,**
**Alleged Debtor.**

**Bankruptcy Nos. 97–20246, 97–20247.**

United States Bankruptcy Court,
D. Connecticut.

June 15, 1997.

Glenn T. Terk, Wethersfield, CT, for Alleged Debtor.

Doris B. D'Ambrosio, Wetstone & D'Ambrosio, Farmington, CT, for Petitioning Creditors.

### MEMORANDUM OF DECISION ON TWO INVOLUNTARY PETITIONS FOR RELIEF UNDER CHAPTER 7

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

#### ISSUE

This ruling addresses two involuntary petitions filed by General Financial Services ("GFS") seeking orders of relief under Chapter 7 of the Bankruptcy Code against Ronald B. Gutfran and against Dolores P. Gutfran, (together, "the Gutfrans"). Since resolution of one issue is determinative in this joint proceeding, the court need not decide the numerous other issues raised by the parties. That specific issue is whether the claim of one of the three petitioning creditors was properly proved at a contested joint hearing held on the involuntary petitions.

### II.

#### BACKGROUND

GFS, as the sole petitioning creditor, filed two involuntary petitions against the Gutfrans on January 21, 1997 asserting the Gutfrans were not generally paying their debts as they became due. The petitions alleged GFS's claim against each Gutfran to be in the amount of $250,821.57. The Gutfrans, by their attorney, on February 20, 1997, filed separate answers to the petitions, each asserting the existence of 12 or more creditors, that GFS's claim was the subject of a good-faith dispute and that the petition had been filed in bad faith. The Gutfrans also requested that in the event of a dismissal of the petitions they be awarded damages pursuant to Bankruptcy Code § 303(i). The Gutfrans subsequently filed a list, pursuant to Fed. R. Bank. P. 1003(b),[1] containing the names and

---

1. Fed. R. Bank. P. 1003(b) provides:

 . . .

(b) Joinder of Petitioners After Filing. If the answer to an involuntary petition filed by fewer than three creditors avers the existence of

addresses of 21 joint creditors with a statement of the nature of their claims and the amounts thereof.

On May 8, 1997, the trial date set for the hearing on the two petitions, GFS filed an amendment to each petition adding the names, and signatures, of two additional creditors as petitioners. One additional petitioner, Creative Food Systems, Inc. ("Creative"), listed a claim of $11,698.69, and the second, Connecticut Natural Gas ("CNG"), listed a claim of $31,584.89. The hearing on May 8, 1997 proceeded despite the Gutfrans not having filed an answer to the petitions as amended. No party requested a continuance of the hearing.

At the hearing, GFS presented witnesses who established that the Gutfrans were the joint owners of income-producing property located at 59–69 Bulkeley Street, Hartford, Connecticut ("the property"). The Gutfrans, on January 24, 1986 and December 13, 1991, respectively, had granted two mortgages on the property to Mechanics Savings Bank ("Mechanics"). The first mortgage deed secured a loan of $360,000, and the second mortgage deed secured a loan of $34,000.

Mechanics, asserting the mortgage loans to be in default, brought a complaint, on May 6, 1996, in the Connecticut Superior Court to foreclose both mortgages. During the pendency of the foreclosure action, Mechanics sold and assigned the two mortgage deeds and the indebtedness secured thereby to GFS. The written assignment was dated as of July 15, 1996, and recorded on September 30, 1996 in the Hartford Land Records.

A GFS officer testified that the Gutfrans were presently jointly liable in the amount of $258,665.94 under the two mortgage loans. A CNG representative testified that the Gutfrans owed CNG $32,153.81 for gas consumed at various properties that the Gutfrans presently or formerly owned. No witness appeared to testify as to the claim which Creative asserted in the amendments to the petitions.[2]

The Gutfrans offered no testimony. They contended, *inter alia*, that the petitions should be dismissed because of the petitioners' failure to prove Creative's claim. The parties thereafter submitted memoranda of law.

### III.

### DISCUSSION

Bankruptcy Code § 303(b)(1) provides that when there are 12 or more creditors, an involuntary petition under Chapter 7 may be filed by "three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute ... if such claims aggregate at least $10,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims." The Gutfrans concede that under § 303(b)(1) CNG has established its unsecured claim for $31,584.89 but challenge whether the other two petitioners have similarly proven their claims.

It has been established that the burden of proof is on the creditors in an involuntary petition "to show that their claims were not contingent as to liability or the subject of a bona fide dispute." *In re Reid,* 773 F.2d 945, 946 (7th Cir.1985). *See Rimell v. Mark Twain Bank (In re Rimell),* 946 F.2d 1363, 1365 (8th Cir.1991), *cert. denied,* 504 U.S. 941, 112 S.Ct. 2275, 119 L.Ed.2d 202 (1992) (" [T]he petitioning creditor must establish a prima facie case that no bona fide dispute exists. Once this is done, the burden shifts to the debtor to present evidence demonstrating that a bona fide dispute does exist."). The Gutfrans contend that the petitioning creditors did not carry their burden of proof when they failed to present testimony to prove that Creative holds a § 303(b)(1) claim. *Cf. In re Chas. B's, Inc.,* 51 B.R. 21 (Bankr.

---

12 or more creditors, the debtor shall file with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as provided in § 303(b) of the Code, the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

2. GFS's general counsel testified that an officer of Creative signed the amendments to the petitions in the presence of GFS's counsel.

S.D.Ohio 1985) (alternate basis to dismiss involuntary petition was petitioners' failure to present evidence of debt of one of three petitioners who was not present at hearing on involuntary petition). GFS responds that when the Gutfrans listed Creative on their Rule 1003(b) list of additional creditors, that action acknowledged that Creative was a creditor "within the meaning of 303(b)(1)." *GFS Initial Brief* at 12.

The Rule 1003(b) list filed by the Gutfrans described the claim of Creative as follows:

Creative Food Systems, Inc. 12,659.98-Contract to do work

c/o Scanlon & Donaher

1201 East Main Street

Endicott, New York 13761–0240

The court finds that such listing cannot suffice as an admission sufficient in a contested proceeding to carry the petitioners' burden of proving that a claim is not contingent as to liability or the subject of a bona fide dispute. The list acknowledges only that Creative is a creditor. Rule 1003(b) does not require that alleged debtors only list creditors who hold claims not contingent as to liability or not the subject of a bona fide dispute. The phrase "nature of their claims" in Rule 1003(b) is not defined, and the debtors' description concerning Creative's claim as "contract to do work" is not on its face unresponsive. GFS, in any event, did not move for a clarification of the debtors' list.

## IV.

### CONCLUSION

The Gutfrans' objections to the petitions are sustained for the failure of the petitioners to prove that the petitions were filed by three creditors holding eligible claims under § 303(b)(1). The petitions must be, and hereby are, dismissed. The court will retain jurisdiction to hear the Gutfrans' request for judgments under § 303(i), and the Clerk's office shall schedule pre-trial conferences in those matters.